UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALEEN D. WEIGHT,<br><br>          Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>          Defendant. | CASE NO.   C06-5081RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for May 5, 2006 |

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter is before the undersigned on defendant's motion to dismiss for lack of subject matter jurisdiction and failure to exhaust administrative remedies. After reviewing defendant's motion, plaintiff's response thereto and the remaining record, the undersigned submits the following report and recommendation for the Honorable Ronald B. Leighton's review.

<u>DISCUSSION</u>

Plaintiff filed a complaint with this Court on February 9, 2006, seeking review of the denial of her

REPORT AND RECOMMENDATION
Page - 1

application for social security disability insurance benefits. (Dkt. #1-#3). On March 21, 2006, defendant filed a motion to dismiss that complaint on the basis that this Court lacks subject matter jurisdiction over this case due to plaintiff's failure to exhaust her administrative remedies.  Specifically, defendant argues that because the Commissioner did not issue a "final" decision in this matter, judicial review of the denial of plaintiff's application is unavailable.

In this case, although plaintiff requested a hearing after her application was denied initially and on reconsideration, she failed to appear at her scheduled hearing and her request for a hearing was dismissed. See Declaration of Paul D. Gould and Exhibits 1-4, attached to Plaintiff's Motion to Dismiss.  Plaintiff filed a request for review of that dismissal, which was denied by the Appeals Council. Id. at Exhibit's 5-6. Judicial review of the Commissioner's administrative decisions is governed by Section 405(g) of the Social Security Act, which reads in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g); see also Udd v. Massanari, 245 F.3d 1096, 1098 (9th Cir. 2001) (judicial review limited to final decision made after hearing).

Accordingly, because it appears the ALJ did not issue a final decision in this matter, judicial review of the denial of plaintiff's disability insurance benefits application is unavailable.  Indeed, plaintiff does not object to the Court's dismissal of this action. See Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. #10).  In light of the above, the undersigned recommends dismissal of this case.

## CONCLUSION

Based on the foregoing discussion, the court should GRANT defendant's motion to dismiss, and dismiss this action.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **May 5, 2006**, as

1  noted in the caption.

2      DATED this 13th day of April, 2006.

                                                /s/ Karen L. Strombom
                                                Karen L. Strombom
                                                United States Magistrate Judge